UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

QUIMEKA SAUNDERS and CYNTHIA CHANEY                **REPORT AND**
                                                   **RECOMMENDATION**
                              Plaintiffs,

v.                                                 17-CV-00598-LJV-JJM

HEIDI ARD,

                              Defendant.
_____

In this action, plaintiffs seek to recover damages for personal injuries and property damage allegedly sustained in a motor vehicle accident in the State of Georgia on July 3, 2015. Complaint [1],[1] ¶4. Plaintiffs allege that they reside in Niagara County and that the defendant resides in the State of Kentucky. Id., ¶¶3, 4. Before the court is defendant's motion [4] to dismiss the Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(2) for lack of personal jurisdiction or, in the alternative, for dismissal under Rule 12(b)(3) for improper venue. *See* defendant's Memorandum of Law [4-4].

The motion has been referred to me by District Judge Lawrence J. Vilardo for a Report and Recommendation [5]. By Text Order dated August 21, 2017 [6], I required plaintiffs' opposition to the motion to be filed by September 5, 2017. At plaintiffs' request, I granted two additional extensions of that deadline, first to September 12 and then to October 12, 2017 [7, 8]. Notwithstanding those extensions, plaintiffs have failed to oppose the motion. For the following reasons, I recommend that the motion be granted.

---

[1] Bracketed references are to CM-ECF docket entries.

## ANALYSIS

"This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." <u>Kabrovski v. City of Rochester, New York</u>, 149 F. Supp. 3d 413, 422 (W.D.N.Y. 2015). Not only do I deem plaintiffs' claims abandoned, but they would fail in any event.[2]

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." <u>Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.</u>, 84 F.3d 560, 566 (2d Cir. 1996). "A plaintiff facing a [Rule] 12(b)(2) motion to dismiss made before any discovery need only allege facts constituting a prima facie showing of personal jurisdiction." <u>PDK Labs, Inc. v. Friedlander</u>, 103 F.3d 1105, 1108 (2d Cir. 1997). While plaintiffs allege that "[s]ince there is diversity of parties this court has jurisdiction pursuant to 23 USC §1332" (Complaint [1], ¶5), "diversity of citizenship establishes subject matter jurisdiction, which is a separate and distinct concept from personal jurisdiction". <u>Schick v. Oyer</u>, 2008 WL 4501935, *5 (W.D.N.Y. 2008).

"[T]he inquiry into personal jurisdiction, as distinguished from subject matter jurisdiction, must focus on defendants' contacts with the forum and not plaintiffs' contacts." <u>Granville Gold Trust-Switzerland v. Commissione Del Fallimento/Interchange Bank</u>, 928 F. Supp. 241, 244 (E.D.N.Y. 1996), <u>aff'd</u>, 111 F.3d 123 (2d Cir. 1997). Not only does the Complaint offer no allegations tying defendant to this forum, but plaintiffs also fail to controvert defendant's sworn statement that she has "no contacts or relationship with the State of New York". Ard Affidavit [4-3], ¶8. Since I conclude that the Complaint must be dismissed for lack

---

[2]     <i>Cf</i>. <u>Moscato v. MDM Group, Inc.</u>, 2008 WL 2971674, *1, n. 1 (S.D.N.Y. 2008) ("although Defendant's motion is unopposed, the Court must review it on its merits").

of personal jurisdiction, I need not reach defendant's alternative argument that venue is improper.

## CONCLUSION

For these reasons, I recommend that defendant's motion to dismiss the Complaint [4] be granted. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by November 3, 2017. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

-4-

Dated: October 20, 2017

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge